

FILED
APR 17 2023
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                                    DEPUTY

**JOSEPH BRADY**, *pro se*
603 Seagaze Drive, #1046
Oceanside, CA 92054
Tel: (760) 803-7172

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### SAN DIEGO DIVISION

| | |
|---|---|
| JOSEPH BRADY, | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION |
| | * FILE NO. 22-cv-1523-CAB-AHG |
| MATT GRIMM, et al, | * NOTICE OF APPEAL OF |
| Defendants. | * APRIL 12, 2023 ORDER TO |
| | * NINTH CIRCUIT COURT OF |
| | * APPEALS PURSUANT TO |
| | * 28 U.S.C. § 1292(a)(1) FOR |
| | * IMPLICIT DENIAL OF |
| | * MOTION FOR INJUNCTION |
| | * AND SUPPORTING BRIEF |

COMES NOW, plaintiff **JOSEPH BRADY** *pro se* ("Plaintiff"), and, pursuant to 28 U.S.C. § 1292(a)(1), files and serves this his Notice of Appeal of the April 12, 2023 Interlocutory Order of the Court [**Dkt. No. 19**)(the "April 12 Order"), attached hereto as **Exhibit 1**; Plaintiff is entitled to immediate appeal of such Order because the "practical effect" of such Order which indefinitely defers consideration of such emergency motion, implicitly denies Plaintiff's pending Motion for Preliminary Injunction [**Dkt. No. 18**]. *See, e.g.*, Carson v. American Brands, Inc., 450 U.S. 79, 84 (1981); *see also* Buckingham v. Gannon (In re Touch America Holdings, Inc. ERISA Litig.), 563 F.3d 903, 906 (9th Cir. 2009) (per curiam); Negrete v. Allianz Life Ins. Co. of North America, 523 F.3d 1091, 1097 (9th Cir. 2008); Calderon v. United States Dist. Court, 137 F.3d 1420, 1422 n.2 (9th Cir. 1998).

*Brady v. Grimm et al,*
*CAF# 22-cv-1523-CAB-AHG*

## I. Nature of the Appeal

### A. Plaintiff's 42 U.S.C. § 1983 Complaint; Motion for Injunction.

### "Operation Vigilant Eagle."

1. Plaintiff's Amended Complaint [**Dkt. No. 13**] challenges the legality and constitutionality of a secret U. S. government program code-named **"Operation Vigilant Eagle"** designed by the U. S. Department of Homeland Security ("DHS") and the Federal Bureau of Investigation ("FBI"") and, with the assistance of U.S. military personnel, where federal and local persons, in the absence of proof or Court order, illegally design and implement wrongful and damaging actions against American veterans deemed to be engaged in or planning vague and non-specific "anti-American activities."

2. In particular, beginning in August, 2018 and continuing to the present day, the named defendants, acting in concert according to a common plan, have conspired together and engaged in a relentless, related, continuing series of wrongful, illegal, and damaging assaults upon the Plaintiff, including but not limited to using electromagnetic, pulsed energy weapons to injure and disable the Plaintiff, and the Plaintiff has been severely and irreparably injured and damaged by such assaults.

3. On March 20, 2023, plaintiff **JOSEPH BRADY,** acting *pro se* ("Plaintiff"), filed and served his Verified First Amended Complaint **(Dkt. No. 13 )** in the above-styled matter, seeking recovery of compensatory and punitive damages, and <u>injunctive relief</u> for, *inter alia,* violations of Plaintiff's civil rights, particularly Plaintiff's right to Due Process under the Fifth Amendment of the U.S. Constitution, by defendant City of Oceanside, CA, its employees, agents,

*Brady v. Grimm et al,*
*CAF# 22-cv-1523-CAB-AHG*
*Notice of Appeal pursuant to 28 U.S.C. § 1292(a)(1)* 2

and contractors, including but not limited to defendant JOHN DOES 1 -100, Defendant United State of America, including but not limited to its employees, agents, and contractors, acting in concert according to a common plan, arising out of such defendants' willful, and illegal physical assaults on the Plaintiff which have, almost on a daily basis since August, 2018, caused serious, irreparable, and life-threatening injuries to the Plaintiff, including but not limited to serious and permanent injuries caused by assaults by such defendants almost continuously attacking the Plaintiff by means of both hand-held Directed Energy Weapons as well as those mounted on U.S.- owned drones and aircraft, where Plaintiff's resultant serious and irreparable injuries have been medically-established and documented (**Exhibit 2**, Report of Dr. Hoffer).

4. On April 11, 2023, Plaintiff filed and served his Motion for Preliminary Injunction seeking immediate and emergency relief pursuant to Fed. R. Civ. P. 65 [**Dkt. No. 18**], to compel defendant City of Oceanside, CA, its employees, agents, and contractors, including but not limited to defendant JOHN DOES 1 -100, Defendant United State of America, including but not limited to its employees, agents, and contractors, to cease and desist from further intentional, willful, and illegal physical assaults including but not limited to DEW-type attacks referenced above.

5. The Plaintiff supported his Motion for Preliminary Injunction by showing the Court in his Memorandum:

   (A), the Plaintiff established a likelihood of success on the merits because the failure of both defendant City of Oceanside and defendant United States of America to provide notice to the Plaintiff and the statutory basis for their wrongful, damaging, and illegal assaults on the

Plaintiff before engaging in such wrongful actions in violation of the Plaintiff's Due Process rights under the Fifth Amendment to the U.S. Constitution;

(B) the wrongful, damaging, and illegal assaults and seizures against the Plaintiff committed by employees, agents, and contractors of defendant City of Oceanside, including but not limited to defendant John Does 1 - 100, in conjunction with employees, agents, and contractors of defendant United States of America, including but not limited to defendant Fred Does 1 - 100, done in violation of the Due Process Clause of the Fifth Amendment, would, by definition, deprive the Plaintiff of his constitutional right to due process of law, and the Ninth Circuit has held that a deprivation of Fifth Amendment due process rights "**inexorably**" amounts to irreparable harm" Hernandez v. Sessions, 872 F.3d 976, 995 (9th Cir. 2017); and

( C ) the issuance of a TRO in Plaintiff's favor would be in the public interest because "...it is always in the public interest to prevent the violation of a party's constitutional rights." *See*, Melendres, 695 F.3d at 1002.

### B. District Court Implicitly Denies Plaintiff's Motion for Preliminary Injunction by "Tabling" Such Motion Indefinitely.

6. On April 12, 2023, the District Court entered an Order [**Dkt. No. 19**], ordering that Plaintiff's emergency motion for a preliminary injunction to enjoin further irreparable harm by the Defendants as referenced above, be "tabled" indefinitely, with no dates set for any hearing on such motion, expedited or otherwise, notwithstanding Plaintiff's documented evidence of immediate and irreparable physical harm, until such time as motions to dismiss are resolved.

*Brady v. Grimm et al,*
*CAF# 22-cv-1523-CAB-AHG*
*Notice of Appeal pursuant to 28 U.S.C. § 1292(a)(1)*     4

[**Dkt. No. 19**, **Exhibit 1**, p. 1].

7. Because the Court's April 12, 2023 Order does not contemplate the Court taking any meaningful action on Plaintiff's motion for emergency relief whatsoever at any specific time, by means of a scheduled hearing or otherwise, such Order has the "practical effect" of denying Plaintiff's motion.

## II. The "Practical Effect" of the District Court's April 12, 2023 Order is A Denial of Plaintiff's Motion for Injunctive Relief.

8. The District Court's April 12, 2023 Order, while not specifically expressly denying Plaintiff's motion for injunctive relief, nevertheless is appealable under §1292(a)(1) because:

(1) such Order has the practical effect of denying, indefinitely, Plaintiff's emergency motion for injunctive relief to halt immediate and irreparable physical injury and harm caused by the defendants, acting in concert according to a common plan;

(2) the DEW-weapon assaults upon the Plaintiff by the Defendants, acting in concert according to a common plan, are continuing in nature, causing immediate and irreparable physical injury and harm; and

(3) such Order which indefinitely defers any action on Plaintiff's motion for injunctive relief can only be "effectually challenged" by immediate appeal. *See, e.g.* Carson v. American Brands, Inc., 450 U.S. 79, 84 (1981); *see also* Buckingham v. Gannon (In re Touch America Holdings, Inc. ERISA Litig.), 563 F.3d 903, 906 (9th Cir. 2009) (*per curiam*); Negrete v. Allianz Life Ins. Co. of North America, 523 F.3d 1091, 1097 (9th Cir. 2008); Calderon v. United States Dist. Court, 137 F.3d 1420, 1422 n.2 (9th Cir. 1998).

Brady v. Grimm et al,
CAF# 22-cv-1523-CAB-AHG
Notice of Appeal pursuant to 28 U.S.C. § 1292(a)(1)

5

**B.  Ninth Circuit Legal Analysis of April 12, 2023 Order.**

9.  In the Ninth Circuit and elsewhere, it is well established that the substantial effect of a District Court's Order, not its terminology, is determinative. See Abbott v. Perez, 138 S. Ct. 2305, 2319 (2018) (stating the Supreme Court has made it clear that the "label attached to an order is not dispositive. ["Rather,... where an order has the 'practical effect' of granting or denying an injunction, it should be treated as such for purposes of appellate jurisdiction."); Turtle Island Restoration Network v. United States Dep't of Commerce, 672 F.3d 1160, 1165 (9th Cir. 2012) (concluding consent decree functioned as an injunction); Tagupa v. East-West Ctr., Inc., 642 F.2d 1127, 1129 (9th Cir. 1981) (finding denial of mandamus appealable where substantial effect was to refuse an injunction); see also Negrete, 523 F.3d at 1097; United States v. Orr Water Ditch Co., 391 F.3d 1077, 1081 (9th Cir. 2004), amended by 400 F.3d 1117 (9th Cir. 2005) (finding stay order appealable where it was the functional equivalent of a preliminary injunction).

**C.  Practical Effect of Order.**

10.  To determine an order's practical effect, the court evaluates the order "in light of the essential attributes of an injunction." See Orange Cty. v. Hongkong & Shanghai Banking Corp., 52 F.3d 821, 825 (9th Cir. 1995).

11.  An injunction is an order that is: "(1) directed to a party, (2) enforceable by contempt, and (3) designed to accord or protect some or all of the substantive relief sought by a complaint in more than preliminary fashion." Id.

12.  The Ninth Circuit has permitted an interlocutory appeal from an order directing a party to place assessments mistakenly paid to it by defendant in escrow

Brady v. Grimm et al,
CAF# 22-cv-1523-CAB-AHG
Notice of Appeal pursuant to 28 U.S.C. § 1292(a)(1)

6

pending resolution of the underlying lawsuit, *see* United States v. Cal-Almond, Inc., 102 F.3d 999, 1002 (9th Cir. 1996).

13. The Ninth Circuit has also held proper an order granting summary judgment to the federal government where the district court's ruling that the government had until a certain date to publish regulations effectively denied plaintiff environmental groups' request for an injunction requiring publication by an earlier date, *see* Oregon Natural Resources Council, Inc., v. Kantor, 99 F.3d 334, 336–37 (9th Cir. 1996).

14. Moreover, the Ninth Circuit has also accepted jurisdiction over an interlocutory appeal from the district court's order to continue for the duration of the Securities and Exchange Commission securities fraud action, the temporary escrow of termination payments because the order was analogous to a preliminary injunction. *See* Sec. & Exch.Comm'n v. Gemstar TV Guide Intern., Inc., 401 F.3d 1031, 1034 (9th Cir. 2005) (en banc).

15. The Ninth Circuit has also determined that an order not denominated an injunction, but that barred the defendant from discussing settlement in parallel class litigation, was in substance an injunction and thus immediately appealable under § 1292(a)(1). *See* Negrete v. Allianz Life Ins. Co. of North America, 523 F.3d 1091, 1096–98 (9th Cir. 2008).

Brady v. Grimm et al,
CAF# 22-cv-1523-CAB-AHG
Notice of Appeal pursuant to 28 U.S.C. § 1292(a)(1)

7

### III. Conclusion.

16. The District Court's April 12, 2023 Order, even though it does not specifically or expressly deny Plaintiff's motion for injunctive relief, such interlocutory Order nevertheless is directly appealable under §1292(a)(1) because:

(1) such Order has the practical effect of denying, indefinitely, Plaintiff's emergency motion for injunctive relief to halt immediate and irreparable physical injury and harm caused by the defendants, acting in concert according to a common plan;

(2) the DEW-weapon assaults upon the Plaintiff by the Defendants, acting in concert according to a common plan, are continuing in nature, causing immediate and irreparable physical injury and harm; and

(3) such Order which indefinitely defers any action on Plaintiff's motion for injunctive relief can only be "effectually challenged" by immediate appeal. *See, e.g.* Carson v. American Brands, Inc., 450 U.S. 79, 84 (1981); *see also* Buckingham v. Gannon (In re Touch America Holdings, Inc. ERISA Litig.), 563 F.3d 903, 906 (9th Cir. 2009) (*per curiam*); Negrete v. Allianz Life Ins. Co. of North America, 523 F.3d 1091, 1097 (9th Cir. 2008); Calderon v. United States Dist. Court, 137 F.3d 1420, 1422 n.2 (9th Cir. 1998).

This 13th day of April, 2023.

JOSEPH BRADY, Plaintiff */pro se*

603 Seagaze Drive, #106
Oceanside, CA 92154
Tel: (760) 803-7172

Brady v. Grimm et al

CAF# 22-cv-1523- CAB-AHG

Notice of Appeal pursuant to 28 U.S.C. § 1292(a)(1)                     8

## **VERIFICATION**

COMES NOW, plaintiff **JOSEPH BRADY**, after being duly sworn, under hereby declares, pursuant to 28 U.S.C.§ 1746, under penalty of perjury, that the documents attached hereto as exhibits in support of Plaintiff's Notice of Appeal of April 12, 2023 Order, are true and correct copies of the originals of the same, and that all statements of fact set forth herein are true and correct.

This /_th day of April, 2023.

JOSEPH BRADY, Plaintiff pro se

603 Seagaze Drive, #106
Oceanside, CA 92154
Tel: (760) 803-7172

*Brady v. Grimm et al*

CAF# 22-cv-1523- CAB-AHG

*Notice of Appeal pursuant to 28 U.S.C. § 1292(a)(1)*           9

## CERTIFICATE OF SERVICE

The undersigned Plaintiff hereby certifies that a true and correct copy of the above-described Re-Filing of Executed Documents for Exhibits in support of Plaintiff's Notice of Appeal was served on this __th day of April, 2023, by electronic service via U.S. District Court of Southern California CM/ECF to:

Karen Lynn Rogan
276 Fourth Ave.
Chula Vista, CA 91910

Stephanie Sotomayer
DOJ-USAO
880 Front St.
Suite 6293
San Diego, CA 92101

Nelson Candelario
300 North Coast Highway
Oceanside, CA 92054

**Dated**: April 13th, 2023.

JOSEPH BRADY
Plaintiff *pro se*

603 Seagaze Drive, #106
Oceanside, CA 92154
Tel: (760) 803-7172

*Brady v. Grimm et al*

*CAF# 22-cv-1523- CAB-AHG*

*Notice of Appeal pursuant to 28 U.S.C. § 1292(a)(1)*      10

**EXHIBIT "1"**

April 12, 2023 Court Order Indefinitely Deferring Plaintiff's Emergency Motion for Injunctive Relief to Prevent Irreparable Harm.

*Brady v. Grimm et al*

*CAF# 22-cv-1523- CAB-AHG*

*Notice of Appeal pursuant to 28 U.S.C. § 1292(a)(1)*

Case 3:22-cv-01523-CAB-AHG   Document 19   Filed 04/12/23   PageID.550   Page 1 of 2

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

JOSEPH BRADY,

    Plaintiff,

v.

MATT GRIMM et al.,

    Defendants.

Case No.: 22-CV-1523-CAB-AHG

**ORDER SETTING BRIEFING SCHEDULE ON MOTIONS TO DISMISS**

Upon review of the pending motions to dismiss [Doc. Nos. 16, 17] and motion for preliminary injunction [Doc. No. 18], it is hereby ORDERED as follows:

1. Plaintiff shall file his opposition(s) to the motions to dismiss by **May 8, 2023**. If Plaintiff does not file his opposition(s) by this deadline, the motions will be granted, and the case will be dismissed.

2. Defendants' replies to Plaintiff's opposition(s) to their motions will be due within seven days of the date on which Plaintiff's opposition(s) appear on the CM/ECF docket.

3. The Court will not consider Plaintiff's motion for preliminary injunction [Doc. No. 18] until after resolving the pending motions to dismiss. If necessary, the Court will set a briefing schedule at a later date. No responses to Plaintiff's motion are required at this time.

It is **SO ORDERED**.

Dated: April 12, 2023

Hon. Cathy Ann Bencivengo
United States District Judge

1

22-CV-1523-CAB-AHG

## EXHIBIT "2"

Medical Report of Dr. Hoffer, Documenting Plaintiff Suffering Irreparable Damage from "Pulsed-Energy Weapons" Referred to as "Havana Syndrome."

*Brady v. Grimm et al*

*CAF# 22-cv-1523- CAB-AHG*

*Notice of Appeal pursuant to 28 U.S.C. § 1292(a)(1)*



UNIVERSITY OF MIAMI
MILLER SCHOOL
of MEDICINE

18 August 2022
RE: Evaluation of Joseph Brady

Please find enclosed my report on Mr. Joseph Brady.

Should you have any questions about this report please feel free to contact me at michael.hoffer@miami.edu.

Sincerely,

Michael E. Hoffer, MD
Professor of Otolaryngology and Neurological Surgery
University of MiamiMiller School of Medicine



**UNIVERSITY OF MIAMI** — **HOSPITAL AND CLINICS**

UMHC
1475 NW 12th Avenue Suite 3039
Miami FL 33136-1002

Brady, Joseph
MRN: 23212920, DOB: 1/18/1971, Sex: M

## Patient

### Demographics

Name: **Joseph Brady**
Address: **1135 Greenway Road OCEANSIDE CA 92057**
Date of birth: **1/18/1971**
Ethnicity: **Non-Hispanic or Latino**
Home phone: **760-803-7172**

Sex: **Male**
Race: **White**
Mobile: **760-803-7172**

Gender identity: **Male**
Email: **joebrady@aol.com**

### Documents

#### External Procedure

##### Scan on 10/11/2022 12:33 PM

Clinical date/time: **10/11/2022 1233**
Description: **Test Result**
Scan (below)

User: **Carr, Kauthar N**



**UNIVERSITY OF MIAMI** UMHC
HEALTH | HOSPITAL AND CLINICS 1475 NW 12th Avenue Suite 3039
Miami FL 33136-1002

Brady, Joseph
MRN: 23212920, DOB: 1/18/1971, Sex: M

## Patient (continued)

### Documents (continued)

18 August 2022
Re: Evaluation of Joseph Brady

**History**
I had the opportunity to evaluate Mr. Joseph Brady on 20 July 2022. Mr. Brady relates a history of repeated episodes of noise and pressure sensations over time. Each episode was associated with ear pain and tinnitus as well as some dizziness. The noise and pressure could be relieved by moving off the spot but each time the symptoms of pain, tinnitus, and dizziness decreased but did not completely abate. Mr. Brady does have a history of hearing loss and tinnitus that are noise induced and related to noise exposure while on active-duty military.

His complaints on presentation here were the following:
1) Cognitive issues with brain fog
2) Tinnitus
3) Hearing loss

**Physical Exam**
On physical examination on the day of presentation the individual had a normal ear exam with normal ear drum, cranial nerves were normal, but instability was apparent on challenged stand and gait testing.

**Testing**
MRI: (done on outside) – normal without tumor or lesions

Audiogram: Audiogram done that day shows normal slopping to moderately severe hearing loss in both ears which is slightly worse in the left ear.

Goggle testing: IPASS Goggle testing is attached and shows abnormalizes in convergence, divergence, and pupil size that are abnormal and fit patters of other established (see attached)

**Summary**
Mr. Brady has a constellation of history, signs, and symptoms consistent with having suffered an Anomalous Health Incident (AHI). I have prescribed the following

1) Will need close follow-up for his condition at least every six months
2) Cognitive rehabilitation
3) Hearing aids for his hearing loss
4) Tinnitus therapy for his tinnitus
5) Detailed vestibular evaluation to assess his balance function
6) Consider vestibular rehabilitation

Case 3:22-cv-01523-CAB-AHG   Document 21   Filed 04/17/23   PageID.575   Page 17 of 18


**UNIVERSITY OF MIAMI** UMHC
HOSPITAL AND CLINICS  1475 NW 12th Avenue Suite 3039
Miami FL 33136-1002

Brady, Joseph
MRN: 23212920, DOB: 1/18/1971, Sex: M

**Patient (continued)**

**Documents (continued)**

Goggle tests

| Disparity Step | Control Group | |
|---|---|---|
| Low Pass Convergence Eye Movement Modulation Depth ($K_{vl}$ converge direction) | $1.43 \pm 0.09°$ | 1.70 (1.85) |
| Low Pass Divergence Eye Movement Modulation Depth ($K_{vl}$ diverge direction) | $1.50 \pm 0.09°$ | 1.94 (1.86) |
| Vergence R-squared | $0.84 \pm 0.04$ | 0.94 (0.94) |
| Pupil Constriction Sensitivity in $mm^2/°$ (re: vergence) [% Light Response range per degree vergence] | $1.09 \pm 0.12\ mm^2/°$ [$7.0 \pm 1.2\%/°$] | ***0.61(0.98)*** |
| Pupil (re: Vergence) R-squared | $0.39 \pm 0.04$ | 0.39 (0.42) |

| Disparity Pursuit | Control Group | |
|---|---|---|
| Low Pass Convergence Modulation Depth ($K_{vl}$ converge direction) | $2.41 \pm 0.10°$ | **2.42 (2.27)** |
| Low Pass Divergence Modulation Depth ($K_{vl}$ diverge direction) | $2.32 \pm 0.10$ | **2.22 (2.03)** |
| Vergence R-squared | $0.91 \pm 0.04$ | **0.97 (0.94)** |

| | | |
|---|---|---|
| UNIVERSITY OF MIAMI HEALTH HOSPITAL AND CLINICS | UMHC 1475 NW 12th Avenue Suite 3039 Miami FL 33136-1002 | Brady, Joseph MRN: 23212920, DOB: 1/18/1971, Sex: M |

## Patient (continued)

### Documents (continued)

| | | |
|---|---|---|
| Pupil Constriction Gain in $mm^2/°$ (re: vergence) [% Light Response range per degree vergence] | $1.19 \pm 0.13$ $mm^2/°$ [7.7 ± 0.7°/°] | **0.60 (*0.21*)** |
| Pupil (re: Vergence) R-squared | $0.54 \pm 0.03$ | **0.32 (0.07)** |

**SVV magnitude 5.27 deg  SVH 3.05  SVV-SVH : 2.22 deg**
Small mean PUPIL 7.26 (10.56) sq mm during vergence pursuit test and  (-L) and  (R) sq mm during PLR.