UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH BRADY,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>MATT GRIMM et al.,<br><br>　　　　　　　　　Defendants. | Case No.:  22-CV-1523-CAB-AHG<br><br>**ORDER RE MOTIONS TO DISMISS AND MOTION TO STRIKE**<br><br>[Doc. Nos. 16-18, 22, 23, 34, 38, 39, 40] |

This matter is before the Court on an array of motions by both sides, including three motions to dismiss, one motion to strike, and three motions for judicial notice.  The motions are all fully briefed, and the Court deems them suitable for submission without oral argument.  For the reasons set forth below, the motions to dismiss are granted, and this case is dismissed with prejudice.

**I.     Procedural History**

On September 8, 2021, pro se Plaintiff Joseph Brady filed the complaint in Case No. 21-CV-1583-CAB-AHG (the "First Action") in this court, against various private entities, federal and local governments and government agencies, and federal employees, including most of the defendants in the above-captioned action.  The introductory paragraph to the First Action complaint stated that it challenged "the constitutionality of a secret U.S. government program named 'Operation Vigilant Eagle' designed by the U.S. Department of Homeland Security ('DHS') and the Federal Bureau of Investigation ('FBI') . . . ." [Case

1

No. 21cv1583, Doc. No. 1.]  The complaint listed six causes of action alleging that "Operation Vigilant Eagle" violates Plaintiff's constitutional rights and exceeds the statutory authority of the Defendants.  [*Id.*]  On March 27, 2022, Plaintiff voluntarily dismissed the First Action.  [Case. No. 21cv1583, Doc. No. 16.]

Approximately six months later, Plaintiff filed the instant lawsuit, naming most of the defendants from the First Action along with a couple new ones.  [Doc. No. 1.]  The case was transferred to the undersigned pursuant to the district's low number rule because the complaint appeared to arise from the same events as in the First Action and involved the same parties.  [Doc. No. 3.]  In February 2023, all of the Defendants who have appeared in this case filed motions to dismiss the complaint.  [Doc. Nos. 7, 8, 10.]  Plaintiff did not oppose the motions and instead filed a First Amended Complaint ("FAC"), which is in effect, Plaintiff's third attempt to plead the claims asserted here.  [Doc. No. 13.]  In early April 2023, Defendants again moved to dismiss the case in its entirety.  [Doc. Nos. 16, 17, 22.]

Meanwhile, at approximately the same time Defendants were filing their motions to dismiss, Plaintiff filed a motion for preliminary injunction.  [Doc. No. 18.]  Upon receipt of Plaintiff's motion, the Court issued an order setting a briefing schedule on the motions to dismiss and stating that it would not consider Plaintiff's motion until after ruling on the motions to dismiss.  [Doc. No. 19.]  Plaintiff then noticed an interlocutory appeal of the Court's briefing schedule order.  [Doc. No. 21.]  Meanwhile, Plaintiff ignored the deadlines set for his oppositions to the pending motions to dismiss.  On June 5, 2023, the Ninth Circuit dismissed Plaintiff's appeal for lack of jurisdiction because the challenged order was not appealable.  [Doc. No. 28.]

Upon receipt of the Ninth Circuit's order dismissing the appeal, the Court issued a new briefing schedule on the motions to dismiss.  Plaintiff then moved to stay the Court's briefing schedule until resolution of Plaintiff's motion for reconsideration of the Ninth Circuit's dismissal order.  [Doc. No. 29.]  The Court granted Plaintiff's motion to stay and vacated the briefing schedule until after Plaintiff's appeal was completed.  [Doc. No. 30.]

On August 31, 2023, the Ninth Circuit summarily denied Plaintiff's motion for reconsideration and stated that no further filings would be accepted. [Doc. No. 31.]

The Court then issued yet another briefing schedule on the motions to dismiss. The order required Plaintiff to file his oppositions to Defendant's motions by September 25, 2023. The order specified that "[i]f Plaintiff does not file his opposition(s) by this deadline, Defendants motions will be granted, and the case will be dismissed. Considering that these motions have already been pending for over four months and that Plaintiff ignored the original deadlines set by the Court for his oppositions, any requests for an extension to this deadline will be denied." [Doc. No. 32.]

Plaintiff filed his oppositions to the motions to dismiss on September 26, 2023, along with a motion for an extension of time in which he claimed that his late filing was the result of a computer system failure on the morning of September 25, 2023. Plaintiff also filed three "verified motions pursuant to FRE 201 for judicial notice" of various documents. [Doc. Nos. 38-40.]

**II.   Allegations in the First Amended Complaint**

The FAC is rambling, repetitive, disjointed, and hard to follow. It includes references to and discussion of affidavits, press releases, news articles, marketing materials, and government reports, most of which are dated long before the acts of which Plaintiff complains herein and none of which are specific to any harm allegedly perpetrated by any of the Defendants on Plaintiff. In sum, Plaintiff alleges that he has "suffered profound, serious, and permanent brain injuries and changes, all of which are entirely consistent with the distinct set of unusual clinical manifestations identified by the December, 2020 National Academy of Sciences report, which concluded that the most likely cause for such injuries was 'directed, pulsed RF energy' attacks." [Doc. No. 13 at ¶ 2.] The FAC then goes into detail describing "directed energy weapons" ("DEW"), including how they are made and what companies make them, and the alleged symptoms of exposure to such weapons. Ultimately, the FAC alleges that Defendants, acting in concert, used DEW:

>aimed at Plaintiff to project microwaves at the Plaintiff in order to injure and incapacitate the Plaintiff by, *inter alia*, raising Plaintiff's core temperature to a predetermined level to mimic a high fever, thereby intentionally inflicting extreme pain and brain injuries, thereby gaining a physiological and psychological degree of control upon the Plaintiff, while allegedly not inflicting deadly force, and the Plaintiff suffered the injuries including but not limited to the distinct set of unusual clinical manifestations . . . typical and characteristic of persons attacked with directed energy weapons. . . .

[*Id.* at ¶ 44.]

The FAC alleges that Defendants acted "in concert according to a joint plan and secret official policy known as 'Operation Vigilant Eagle,'" but also "collectively and according to a common plan coordinated and conducted by defendant [Leslie] Gardner and defendant San Diego Law Enforcement Coordination Center ('Fusion Center') and outside of the guidelines of 'Operation Vigilant Eagle'. . . ." [*Id.* at ¶ 50.]  Plaintiff purports to assert claims under 42 U.S.C. § 1983 and 1985 for violations of his Fourth and Fourteenth Amendment rights and under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), along with common law tort claims for assault, battery, and intentional infliction of emotional distress.

### III.  Legal Standards

The familiar legal standards apply here.  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Thus, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  On the other hand, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  Nor is the Court "required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir.

2010). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation marks omitted).

## IV.     Discussion

The pending motions to dismiss each make numerous arguments for why the FAC should be dismissed, including sovereign immunity, failure to state a claim, lack of standing under Article III of the Constitution, failure to properly serve the summons and complaint, and because of the FAC violates Federal Rule of Civil Procedure 8, which requires pleadings to be simple, concise, and direct.  All of these arguments are well-made and justify dismissal of the FAC.  Plaintiff, meanwhile, fails to persuade the Court why the FAC should not be dismissed in its entirety in his responses to the pending motions.

Ultimately, the Court finds that the FAC is fantastical, frivolous, and replete with utterly implausible allegations of a wide-ranging government conspiracy to harm Plaintiff.  The Court cannot divine any factual allegations of how or why any of the Defendants caused the physical injuries Plaintiff alleges he suffers.  Further, Plaintiff's conclusion that because his relatively common physical symptoms are consistent with individuals who have been harm by DEW, he himself must have been subjected to DEW attacks is simply fanciful.  As such, the FAC does not warrant a lengthy analysis of the plethora of reasons why it should be dismissed.

In sum, the FAC is so "patently insubstantial" that it is subject to dismissal "for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)," *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989), because "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous." *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (internal quotation marks and citations omitted).  If Plaintiff had not paid the filing fee and instead qualified to proceed *in forma pauperis*, the Court would have *sua sponte* dismissed the FAC as clearly baseless

and "describing fantastic or delusional scenarios." *Neitzke*, 490 U.S. at 328. That Plaintiff was able to afford the filing fee allowed his case to proceed this far, but it does not save it from dismissal on the same grounds.

### V.      Motion to Strike

In addition to filing a motion to dismiss, Defendant Leslie Gardner has also moved to strike various exhibits to the FAC along with reference to her alleged home address in the complaint in the First Action. Plaintiff did not oppose the motion. Because the Court is dismissing the FAC in its entirety, the motion to strike is moot with respect to the exhibits to the FAC. The unopposed motion, however, is granted with respect to the reference to Ms. Gardner's home address in the complaint in the First Action.

### VI.      Conclusion

For the foregoing reasons, it is hereby **ORDERED** as follows:

1. The motions to dismiss [Doc. Nos. 16, 17, 22] are **GRANTED**;
2. The motion to strike [Doc. No. 23] is **GRANTED IN PART** with respect to the reference to Defendant Gardner's home address;
3. Plaintiff's motion for preliminary injunction [Doc. No. 18] is **DENIED**;
4. Plaintiff's motion for extension of time [Doc. No. 34] is **GRANTED**;
5. Plaintiff's motions for judicial notice [Doc. Nos. 38-40] are **DENIED**;
6. The Clerk of Court is instructed to **REDACT** the address in paragraph 44 of Docket No. 1 in Case Number 21cv1583 from the publicly available version of that document;
7. The FAC is **DISMISSED WITH PREJUDICE**; and
8. The Clerk of Court shall **CLOSE** this case. No further filings will be accepted.

It is **SO ORDERED**.

Dated:  October 26, 2023

_____
Hon. Cathy Ann Bencivengo
United States District Judge